[No. 14714. Department One. August 19, 1918.]

INA HOFFMAN SNOOK, *Appellant,* v. H. B. KENNEDY, *et al., Respondents.*[1]

EXECUTORS AND ADMINISTRATORS — ACTIONS — ATTORNEY'S FEES. Where the executrix of a nonintervention will brought action for an accounting, making her attorney a party defendant, who was alleged to have an undetermined claim against the estate, she cannot assign error in that the judgment fixed the amount of his fees.

APPEAL—REVIEW—ASSIGNMENT OF ERRORS. Complaint cannot be made that a judgment entered should not have been against an executrix or against the estate in the absence of any assignment of errors thereon.

EXECUTORS AND ADMINISTRATORS—ACCOUNTING—ATTORNEY'S FEES— EVIDENCE. Six thousand dollars is reasonable compensation for an attorney for an executrix of a nonintervention will, where the estate was appraised at over $400,000, there were over 400 pieces of real estate involved, he probated the will and attended to all the usual duties, and there were diversified interests involving a great deal of detail, and all services were diligently attended to with reasonable success.

Appeal from a judgment of the superior court for King county, Jurey, J., entered August 1, 1917, in favor of defendants, in an action by an executrix to fix the compensation of an attorney, tried to the court. Affirmed.

[1]Reported in 174 Pac. 643.

*Tucker & Hyland* and *Herbert E. Snook,* for appellant.

*Donworth & Todd,* for respondent.

TOLMAN, J.—The appellant, who is the executrix under a nonintervention will, brought this action seeking an accounting and possession of the property belonging to the estate from the defendants and respondents. The respondent Carl J. Smith had been her attorney in the matter from its inception, and the only part of her complaint which affects him is paragraph XX, which reads:

"That the defendant Carl J. Smith heretofore has been the attorney for the plaintiff herein, and is entitled to an undetermined claim as against said estate of Josephine E. Kennedy, deceased, for services as counsel in said estate, which remains unfixed and undetermined."

So far, therefore, as Carl J. Smith is concerned, the only purpose of the action was to fix the amount due him for professional services rendered to the estate. After hearing upon this issue, and before the entry of the final judgment upon the other issues, the trial court entered a judgment in favor of the respondent Smith and against Ina Hoffman Snook, as executrix, and against the estate, for $6,000, with costs and interest, and impressed the judgment as a trust upon all of the property of the estate. The appeal is taken from this judgment, and errors are assigned as follows:

"(1) The court erred in rendering judgment for respondent Carl J. Smith.
"(2) The amount allowed to Carl J. Smith was too large."

The court having theretofore found the estate to be solvent, and entered the usual nonintervention order,

the action was a proper one for the purpose of fixing the amount due the respondent Smith; because, the parties failing to agree, there was no way in which the amount of the attorney's fees could be fixed except by an action brought by one or the other of the interested parties; and the appellant having sought the aid of the court for this purpose, cannot complain because of the entry of a judgment.

It is argued here that the judgment should not have been entered against the appellant as executrix or against the estate. But no error is assigned thereon, and we cannot review the action of the trial court in that respect.

As to the amount allowed, it appears that the estate was appraised at upwards of $411,000; that the respondent Smith had probated the will, attended to the inventory and appraisement, and all of the usual duties connected with such proceeding; that there were over four hundred separate pieces of real estate involved, several hundred delinquent tax certificates issued from various counties in this state, involving upwards of $85,000, and many other diversified interests, all of which had to be carefully looked after, and involved a great deal of detail. A vast amount of time and effort was expended in conferences and negotiations with the surviving husband of the decedent, the overlooking and checking of the business carried on by him, the procuring of monthly reports, and the division of moneys realized, and also looking toward the division of the estate, which consisted of community property, without litigation, all of which services appear to have been diligently rendered and with reasonable success up to the time this action was brought, when the services ceased. In the light of the evidence, which we have carefully examined, we see no reason for disturbing the allowance made by the trial court,

which seems to us to be reasonable, modest, and amply supported by the evidence.

The judgment will therefore be affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and PARKER, JJ., concur.